IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| Kevin Felton, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action Number |
| v. | ) | 11-00632-CV-W-JTM |
| | ) | |
| City of Adrian, Missouri, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On June 22, 2011, plaintiff Kevin Felton ("Felton") brought an action against the City of Adrian, Missouri ("the City"), alleging that the City violated the Uniformed Services Employment and Reemployment Rights Act of 1993 ("USERRA"), 38 U.S.C. § 4301 *et seq.*, when it failed to rehire Felton as a part-time police officer when he returned from overseas active military duty. Felton sought monetary damages as well as reinstatement. On July 16-18, 2012, the Court presided over a jury trial on Felton's legal claims for back pay damages. On July 18, 2012, a jury returned a verdict in favor of Felton but awarded him no damages.

Presently pending before the Court is FELTON'S MOTION FOR FINAL JUDGMENT AND/OR MOTION TO ALTER OR AMEND THE JUDGMENT [Doc. 59]. Therein, in essence, Felton asks that the Court exercise its equitable authority to:

(1) order the City to reinstate Felton to his former employment position with the police department, and

(2) order the City "to erase and repair" Felton's records with the Missouri Police Officer Standards and Training so as to remove derogatory information.

Felton's motion is granted in part and denied in part.

In his motion, Felton asks the Court to alter or amend the final judgment in this case pursuant to FED. R. CIV. P. 59. However, as noted by the City, a Rule 59 motion to alter or amend is premature until a final judgment is actually entered in a case. However, when faced with a premature Rule 59 motion, courts are empowered to look beyond the form of the motion to the substance of the relief requested. WRIGHT, MILLER & KANE, FEDERAL PRACTICE AND PROCEDURE: CIVIL 2d § 2817. In reviewing Felton's motion, it is self-evident that he is asking the Court to award him equitable relief and enter a final judgment. Having identified the relief sought, the question then turns on whether Felton is entitled to such relief.

USERRA has two provisions that authorize a federal court to grant equitable relief. Under one provision, a court "may require the employer to comply with the provisions" of USERRA. 38 U.S.C. § 4323(d)(1)(A). The second provision is even more sweeping:

> The court shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.

38 U.S.C. § 4323(e). Consequently there can be little doubt that USERRA authorizes the Court to award equitable relief. The next question is whether Felton himself is entitled to relief.

As with most statutes, USERRA permits damages and other relief to be awarded to a "prevailing party." In this case, the jury found in favor of Felton on the question of whether his USERRA rights were violated, but awarded him no damages. Nonetheless, Felton is a prevailing party. The case of *Carpenter v. Tyler Independent School District*, 429 F.Supp.2d 848 (E.D. Tex. 2006), is instructive.

2

In *Carpenter*, a military veteran sued his former employer for discrimination based on his military service. The jury returned a verdict in favor of the veteran, but awarded him no damages. The veteran then sought an order from the court reinstating him. The former employer objected, arguing that it was the prevailing party. The court disagreed.

> Even if an employee cannot establish that he or she suffered any monetary damages, that does not mean that there is no relief to which the employee might be entitled if there was a violation of the USERRA. . . . [W]hen the jurors found that [the former employer] discriminated against [the veteran] because of his military service, [the veteran] became the prevailing party. Back pay was but one measure of relief available to [the veteran], and the jury's finding that he was not entitled to such in no way affects this Court's ability to craft a remedy making [the veteran] whole.

*Id.* at 851 (*citing Hill v. Michelin North America, Inc.,* 252 F.3d 307, 316 (4th Cir.2001)). Applying the same rationale to this case, the Court concludes that it can award USERRA equitable relief to Felton as a prevailing party.

With regard to reinstatement, courts have observed that it is generally the preferred remedy. *Serricchio v. Wachovia Securities LLC*, 658 F.3d 169, 193 (2d Cir. 2011); *Hance v. Norfolk Southern Ry. Co.*, 2007 WL 7044986, op. at *5 (E.D.Tenn. Mar. 23, 2007). In this case, during trial, the City repeatedly stated that Felton could have his old job back. Accordingly, in the exercise of the Court's equitable powers, it is

**ORDERED** that, given those statements and the finding of a USERRA violation, the City of Adrian shall reinstate Felton to the position he would have been in had he not left for military service or a position of like seniority, status and pay. It is further

**ORDERED** that the City of Adrian shall undertake efforts designed to (and that do) expunge from Felton's Missouri Police Officer Standards and Training records all derogatory information regarding actions or conduct by Felton prior to June 22, 2011. It is further

3

**ORDERED** that the Clerk of the Court enter final judgment in this matter in accordance with this Order and the verdict of the jury.

>           */s/ John T. Maughmer*
> **John T. Maughmer**
> **United States Magistrate Judge**