IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| Kevin Felton, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Action Number |
| v. | ) 11-00632-CV-W-JTM |
| | ) |
| City of Adrian, Missouri, | ) |
| | ) |
| Defendant. | ) |

# ORDER

On June 22, 2011, plaintiff Kevin Felton ("Felton") brought an action against the City of Adrian, Missouri ("the City"), alleging that the City violated the Uniformed Services Employment and Reemployment Rights Act of 1993 ("USERRA"), 38 U.S.C. § 4301 *et seq.*, when it failed to rehire Felton as a part-time police officer when he returned from overseas active military duty. Felton sought monetary damages as well as reinstatement. On July 16-18, 2012, the Court presided over a jury trial on Felton's legal claims for back pay damages. On July 18, 2012, a jury returned a verdict in favor of Felton but awarded him no damages.

Thereafter, Felton filed a MOTION FOR FINAL JUDGMENT AND/OR MOTION TO ALTER OR AMEND THE JUDGMENT, asking the Court to exercise its equitable authority to:

(1) order the City to reinstate Felton to his former employment position with the police department, and

(2) order the City "to erase and repair" Felton's records with the Missouri Police Officer Standards and Training so as to remove derogatory information.

The Court granted both of the requests.

In ruling on Felton's motion, the Court noted that USERRA had two provisions that authorized a federal court to grant equitable relief. Under one provision, a court "may require the employer to comply with the provisions" of USERRA. 38 U.S.C. § 4323(d)(1)(A). The second provision was even more sweeping:

> The court shall use, in any case in which the court determines it is appropriate, its full equity powers, including temporary or permanent injunctions, temporary restraining orders, and contempt orders, to vindicate fully the rights or benefits of persons under this chapter.

38 U.S.C. § 4323(e). Inasmuch as USERRA authorized the Court to award equitable relief, the question to be answered turned on whether Felton himself was entitled to relief.

As with most statutes, USERRA permits damages and other relief to be awarded to a "prevailing party." In Felton's case, the jury found in favor of Felton on the question of whether his USERRA rights were violated, but awarded him no damages. Under those facts, the Court concluded that Felton was a prevailing party under USERRA. *Compare Carpenter v. Tyler Independent School District*, 429 F.Supp.2d 848 (E.D. Tex. 2006) ("when the jurors found that [the former employer] discriminated against [the veteran] because of his military service, [the veteran] became the prevailing party" under USERRA even though no damages were awarded to the veteran). Having found Felton as a prevailing party, the Court thereafter turned to the equitable remedies available to Felton.

The Court noted that with regard to reinstatement, federal courts had observed that it is generally the preferred remedy. *Serricchio v. Wachovia Securities LLC*, 658 F.3d 169, 193 (2d Cir. 2011); *Hance v. Norfolk Southern Ry. Co.*, 2007 WL 7044986, op. at *5 (E.D. Tenn. Mar. 23, 2007). During the trial, the City had repeatedly stated that Felton could have his old job back. Given those statements and the finding of a USERRA violation, the Court exercised its equitable powers and ordered the City to reemploy Felton to his prior position as a part-time

police officer. Similarly, employing its full equitable powers, the Court ordered the City to undertake efforts designed to (and that do) expunge from the Missouri Police Officer Standards and Training records on Felton all derogatory information regarding actions or conduct by Felton prior to June 22, 2011.

Following this ruling, Felton filed his PLAINTIFF'S MOTION FOR ATTORNEY FEES [Doc. 63], seeking $81,644.50 in attorneys' fees and $1,652.55 in expenses. In relevant part, USERRA provides:

> In any action or proceeding to enforce a provision of this chapter by a person under subsection (a)(2) who obtained private counsel for such action or proceeding, the court may award any such person who prevails in such action or proceeding reasonable attorney fees, expert witness fees, and other litigation expenses.

38 U.S.C. § 4323(h)(2) (*emphasis added*). The operative word in the statue is "may," making it clear that the decision as to whether to award fees and costs and, if so, how much is left to the sound discretion of the Court. *Compare Keslar v. Bartu*, 201 F.3d 1016, 1017 (8th Cir. 2000) (in awarding fees and costs under federal statutes, a district "court has broad discretion in determining the amount of an attorneys' fee award").

The party seeking attorneys' fees "bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." *El-Tabech v. Clarke*, 616 F.3d 834, 839 (8th Cir. 2010) (*quoting Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S.Ct. 1933, 1941(1983)). To that end, Felton has provided the Court with documentation supporting his claims for fees and costs. The starting point for determining the amount of a reasonable fee is to determine the "lodestar," the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate. *Hensley*, 461 U.S. at 433, 103 S.Ct. at 1939. In this case, Felton provides documentation 344.6 hours of professional services (with attorney hours billed

3

out at $225.00/hour and paralegal services at $110.00/hour). However, mere lodestar mathematics is not the sole measure of appropriate attorneys' fees and costs.

The Supreme Court has listed factors which should be weighed to determine whether the requested attorneys' fees are reasonable or should be adjusted downward: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation and the ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3, 103 S.Ct. at 1937 n.3. While any of the factors can have some bearing, the Supreme Court has made it clear that the "most critical factor" is the magnitude of a plaintiff's success in the case as a whole. *Id*. at 436, 103 S.Ct. at 1941.

While Felton was a technical prevailing party in this case, the ultimate result of the trial was a mixed bag with the City establishing that Felton did not suffer monetary damages. Certainly, the Court recognizes that:

> [A] plaintiff's success in a civil rights case can be measured only in part by monetary success. As such, dramatic reductions in fee awards are not always required simply because the actual damage award is small or nominal.

*Lash v. Hollis*, 525 F.3d 636, 642–643 (8th Cir. 2008). However, the Eight Circuit has likewise observed that "[a]lthough the 'technical' nature of a nominal damages award or any other judgment does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded [in that it affects the 'degree of success' inquiry]." *Burks v. Siemens Energy &*

4

*Automation, Inc.*, 215 F.3d 880, 883 (8th Cir.2000) (*quoting Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 574 (1992)).

Two other factors bear on the determination of appropriate and reasonable attorneys' fees and costs in this case. First, on January 19, 2011[1] – nearly a year and a half before this case went to trial – the City sent a letter to Felton's attorney stating that he was free to return to his prior job with the City [the equitable remedy "awarded" to Felton after the trial]. The letter noting that Felton was free to return to work was not conditioned on any settlement of his USERRA litigation. In addition, on July 27, 2011 – nearly a year before trial – the City extended a formal offer of judgment to Felton pursuant to FED. R. CIV. P. 68, offering $4,001.00 to Felton, as well as reasonable attorneys' fees and costs accrued through the date of the offer. It should be noted that neither of these factors is dispositive. Although the City's letter to Felton made clear that he could return to his old job, it did not address Felton's concerns about derogatory information on Felton's records with the Missouri Police Officer Standards. In addition, the City's Rule 68 offer did not include an offer of reinstatement nor address the correction of Felton's records.

In the abstract, the City does not attack either the number of hours expended by Felton's professional team nor the hourly rates proposed. As such the Court concludes – in the abstract – that those figures are generally reasonable under the lodestar calculation. However, given the mixed results obtained here, the Court finds that a reduction in those hours is necessary. Specifically, the Court awards Felton 100% of the $1,624.50 in attorneys' fees incurred prior to February 1, 2011 (a week after the City made clear that Felton could return to his old job).

---

[1] Although Felton testified that he was not sure that he had ever seen the letter, the time records from his attorney show that On January 24, 2011, Felton's attorneys reviewed the letter and sent an e-mail to Felton.

After that date, the only "unavailable" remedies left for Felton were monetary damages and other equitable relief. The jury found that Felton was not entitled to damages and the Court awarded Felton some equitable relief in the form of ordering a correction of Felton's police records. To be sure, Felton also obtained the vindication and validation of having the jury determine that the City technically violated USERRA. In view of these mixed results, the Court awards Felton $48,012.00 representing 60% of the attorneys' fees incurred after February 1, 2011 [$80,020.00 x 60%]. *Compare Hensley*, 461 U.S. at 436-37, 103 S.Ct. at 1941 (upon finding a reduction for hours related to pursuing unsuccessful claims is warranted, the court "may attempt to identify specific hours that should be eliminated, or it may simply reduce the award to account for the limited success[, and] the court necessarily has discretion in making this equitable judgment"); *Burks*, 215 F.3d at 883 (an attorneys' fee award of 25% of that which was requested was reasonable given the "the degree of success achieved on the claims on which [plaintiffs] prevailed"); *Schwarz v. Secretary of Health & Human Services*, 73 F.3d 895, 905 (9th Cir. 1995) ("[A] district court does not abuse its discretion when it resorts to a mathematical formula, even a crude one, to reduce the fee award to account for limited success").

The Court further awards Felton $1,652.55 in costs. In accordance with the foregoing discussion it is

**ORDERED** that PLAINTIFF'S MOTION FOR ATTORNEY FEES, filed August 1, 2012 [Doc. 63] is **GRANTED** up to the amount of $49,636.50 in attorney fees and $1,652.55 in costs, for a total award of $51,289.05.

                                             */s/ John T. Maughmer*
                                                   **John T. Maughmer**
                                        **United States Magistrate Judge**